EMILY JOHNSON HENN (SBN 269482)
Email: ehenn@cov.com
LINDSEY BARNHART (SBN 294995)
Email: lbarnhart@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

Attorneys for Defendants Daniel Helmhold,
Big Fish Games, Inc., and Aristocrat
Leisure Limited

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NATHAN CAMPOS,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL HELMHOLD, an individual, BIG FISH GAMES, INC., a Washington corporation, ARISTOCRAT LEISURE LIMITED, an Australian corporation, and DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | **DEFENDANTS ANDREW HELMHOLD, BIG FISH GAMES, INC., AND ARISTOCRAT LEISURE LIMITED'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |

Defendants Daniel Helmhold ("Helmhold"), Big Fish Games, Inc. ("Big Fish Games"), and Aristocrat Leisure Limited ("Aristocrat") (collectively, "Defendants") hereby notice removal of this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.  This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  In support of this removal, Defendants state as follows:

**I.     PROCEDURAL HISTORY**

1. On April 11, 2022, plaintiff Nathan Campos ("Plaintiff") filed this action in the Superior Court of the State of California, County of Los Angeles.  Plaintiff never served Defendants with a copy of the original complaint.  On April 20, 2022, Plaintiff filed a First Amended Complaint ("FAC").  A true and correct copy of the FAC, assigned Docket No. 22STCV12112, is attached to the Declaration of Lindsey Barnhart ("Barnhart Declaration" or "Barnhart Decl.") as **Exhibit 1**.

2. Defendants accepted service of the FAC on May 10, 2022.  Plaintiff served Defendants with a copy of the FAC, a Summons, a Civil Case Cover Sheet and Addendum, a Notice of Case Management Conference, and an Alternative Dispute Resolution (ADR) Information Package.  A true and correct copy of the Summons is attached to the Barnhart Declaration as **Exhibit 2**.  A true and correct copy of the Civil Case Cover Sheet and Addendum is attached to the Barnhart Declaration as **Exhibit 3**.  A true and correct copy of the Notice of Case Management Conference is attached to the Barnhart Declaration as **Exhibit 4**.  A true and correct copy of the ADR Information Package is attached to the Barnhart Declaration as **Exhibit 5**.

3. On May 13, 2022, Plaintiff and Defendants executed a joint stipulation to extend Defendants' time to respond to the FAC until July 8, 2022.  On May 17, 2022, Plaintiff filed the joint stipulation in state court.  On June 1, 2022, the presiding state court judge, the Honorable Christopher K. Liu, issued an order adopting the parties' stipulation and extending Defendants' time to respond until July 8, 2022.  A true and

correct copy of the state court's minute order approving the stipulation is attached to the Barnhart Declaration as **Exhibit 6**, and a true and correct copy of the signed stipulation and order is attached to the Barnhart Declaration as **Exhibit 7**.

4. Exhibits 1 through 7 constitute all of the process, pleadings, and orders served on Defendants in this case, and are attached hereto pursuant to 28 U.S.C. § 1446(a). No substantive motions are currently pending in the state court.

5. The FAC concerns Big Fish Casino and Jackpot Magic Slots, two of Big Fish Games' social casino-style games. Plaintiff alleges that certain advertisements of virtual items available for purchase within the games are false and misleading under two theories. Barnhart Decl. Ex. 1 ¶ 37. First, Plaintiff claims that the games "creat[e] the illusion of" price discounts using "strikethrough graphics," when the non-discounted prices are never offered. *Id.* Ex. 1 ¶¶ 37-38. Second, Plaintiff claims that the games "misrepresent the existence of a limited-time sale" when "no such non-sale time period ever exists." *Id.* Ex. 1 ¶ 48. On behalf of two putative classes of persons in the state of California who paid money for an in-game purchase in Big Fish Casino and Jackpot Magic Slots, respectively, within the applicable statutes of limitation, Plaintiff asserts claims under California's Consumers Legal Remedies Act ("CLRA"), California's False Advertising Law ("FAL"), and California's Unfair Competition Law ("UCL"), as well as common-law claims for fraud, negligent misrepresentation, and unjust enrichment. *See id.* Ex. 1 ¶¶ 60, 68-121. Plaintiff seeks a variety of remedies, including restitution, damages, and injunctive relief. *See id.* Ex. 1 at p. 26.

## II.   PARTIES

6. Plaintiff is a resident of Los Angeles County, California. *Id.* Ex. 1 ¶ 19.

7. Big Fish Games is a corporation incorporated under the laws of the state of Washington. *See id.* Ex. 1 ¶ 23. It has its principal place of business in Seattle, Washington. *Id.*

8. Aristocrat is an Australian corporation. *See id.* Ex. 1 ¶ 25. It has its principal place of business in North Ryde, Australia. *Id.*

9. The FAC alleges that Helmhold "is a resides [sic] in or around San Francisco, California." *See id.* Ex. 1 ¶ 21.

10. The FAC also names as defendants Does 1 Through 10, but does not allege the residency or citizenship of these defendants. *See id.* Ex. 1 p. 1.

## III.   TIMELINESS OF REMOVAL

11. Defendants accepted service of the FAC on May 10, 2022. *See id.* Ex. 7 p. 1.

12. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day removal period runs from receipt of formal service of process, including a summons).

## IV.   BASIS FOR REMOVAL JURISDICTION

13. The claims asserted by Plaintiff give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Defendants also invoke all other grounds for removal that exist under applicable law.

14. This Court has jurisdiction over this action under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) minimal diversity exists for two independent reasons, as "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state[,]" (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," (4) "the primary defendants are [not] States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief[,]" and (5) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." *See* 28 U.S.C. § 1332(d)(2),

(d)(5)(B). CAFA grants federal district courts original jurisdiction over any civil action that meets these requirements. *See id.*

### A. CAFA's "class action" requirement is satisfied.

15. CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case qualifies as a class action removable under Section 1332(d)(1)(B). Plaintiff's FAC describes the FAC as a "Class Action Complaint" and states that Plaintiff "brings this action individually and on behalf of all others similarly situated." Barnhart Decl. Ex. 1 ¶¶ 1, 60.

16. Specifically, Plaintiff seeks to represent one class consisting of "[a]ll persons in the state of California who, within the applicable statute of limitations, paid money for an in-game purchase in Big Fish Casino" and another class consisting of "[a]ll persons in the state of California who, within the applicable statute of limitations, paid money for an in-game purchase in Jackpot Magic Slots." *Id.* Ex. 1 ¶ 60.

### B. CAFA's minimal diversity requirement is satisfied.

17. CAFA's minimal diversity requirement is satisfied when any one of three conditions are met. *See* 28 U.S.C. § 1332(d)(2)(A). The first condition is that "any member of a class of plaintiffs is a citizen of a State different from any defendant[,]" and the third condition is that "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." *Id.* § 1332(d)(2)(A), (C).

18. Here, both of these conditions are met. Plaintiff is a resident of California and seeks to represent classes consisting of persons in the state of California. *See* Barnhart Decl. Ex. A ¶¶ 19, 60. Defendant Big Fish Games is a citizen of a different state (Washington), because Big Fish Games is incorporated under Washington law and has its principal place of business in Washington. *See id.* Ex. 1 ¶ 23. Because Big Fish

Games is diverse from Plaintiff and the putative class members he seeks to represent, CAFA's minimal diversity requirement is satisfied.

19. CAFA's minimal diversity requirement is also satisfied for the independent reason that Aristocrat is a citizen of a foreign state. Aristocrat is an Australian corporation that has its principal place of business in North Ryde, Australia. *See id.* Ex. 1 ¶ 25.

### C. CAFA's amount-in-controversy requirement is satisfied.

20. CAFA jurisdiction requires that "the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

21. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[,]" not an evidentiary submission. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (noting that defendants need only "plausibly show that it is reasonably possible that the potential liability exceeds $5 million" and that amount in controversy "does not mean likely or probable liability; rather, it refers to possible liability").

22. Plaintiff seeks damages and/or restitution for each class member to "restore th[e] money" Defendants allegedly obtained and states that Plaintiff and class members would not have purchased items absent Plaintiff's allegedly deceptive representations. *See* Barnhart Decl. Ex. 1 ¶¶ 85-86. Plaintiff also seeks to compel Defendants to "disgorge in a common fund for the benefit of Plaintiff and member [sic] of the Classes all wrongful or inequitable proceeds of their conduct." *Id.* Ex. 1 ¶ 121.

23. Using data and records that Big Fish Games maintains in the normal course of business, Big Fish Games has reviewed user purchases of in-game items in Big

Fish Casino and Jackpot Magic Slots and determined that well over $5 million was spent by users in the state of California during the relevant time period.

24. If the putative class is awarded the damages and restitution sought in the FAC, the amount awarded would be well in excess of $5 million.

25. In addition, the FAC seeks attorneys' fees. *See id.* Ex. 1 at p. 26. Such fees are included in any amount-in-controversy analysis. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

26. For the reasons set forth above, the relief sought in the FAC places more than $5,000,000 in controversy, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart*, 574 U.S. at 88.

**D. CAFA's governmental entity requirement is satisfied.**

27. This is not an action in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that Big Fish Games is a Washington corporation and a developer of "Social Casino" games. Barnhart Decl. Ex. 1 ¶¶ 2, 23. Aristocrat is an Australian corporation that is a "gambling machine manufacturer and the parent company of Big Fish Games." *Id.* Ex. 1 ¶¶ 7, 25. As such, none of the primary defendants are parties that fall within the category created by 28 U.S.C. § 1332(d)(5)(B).

**E. CAFA's numerosity requirement is satisfied.**

28. This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to bring this action on behalf of all consumers who paid money for an in-game purchase in Big Fish Casino and Jackpot Magic Slots within the applicable statutes of limitations. *See* Barnhart Decl. Ex. 1 ¶ 60. Plaintiff estimates that both classes "number in the thousands." *Id.* Ex. 1 ¶ 63. As such, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

### F. All of CAFA's requirements are satisfied.

29. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

30. The recitation of the allegations and requests for relief above is not a concession that Plaintiff's allegations or legal theories have merit. Defendants reserve the right to assert all applicable defenses in this matter and deny that Plaintiff (and/or the putative class) is in fact entitled to any relief.

## V. REMOVAL TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, IS PROPER

31. Removal to the Central District of California, Western Division, is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1446(a).

## VI. NOTICE TO STATE COURT AND PLAINTIFF

32. Counsel for Defendants certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and served upon counsel for plaintiff promptly.

33. WHEREFORE, the case now pending in the Superior Court of the State of California, County of Los Angeles, No. 22STCV12112, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, 1453.

| | |
|---|---|
| DATED: June 9, 2022 | By:   */s/ Emily Johnson Henn* |
| | Emily Johnson Henn (SBN 269482) |
| | Lindsey Barnhart (SBN 294995) |
| | COVINGTON & BURLING LLP |
| | 3000 El Camino Real |
| | 5 Palo Alto Square, 10th Floor |
| | Palo Alto, California 94306-2112 |
| | Telephone: + 1 (650) 632-4700 |
| | Facsimile: + 1 (650) 632-4800 |
| | Email:  ehenn@cov.com; lbarnhart@cov.com |
| | |
| | *Attorneys for Defendants Daniel Helmhold, Big Fish Games, Inc., and Aristocrat Leisure Limited* |